NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MUNIZ-LARIOS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   17-72344 Agency No. A200-149-185 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,[***] and BENNETT, Circuit Judges.

Jose Luis Muniz-Larios, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order upholding the immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

judge's ("IJ") denial of cancellation of removal and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      The BIA upheld the denial of cancellation of removal because it determined that Muniz-Larios's 2011 voluntary departure was a presence-breaking event that prevented him from establishing the required ten years of continuous presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A). We review the BIA's determination for substantial evidence. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006).

A voluntary departure is a presence-breaking event "when the alien has been informed of, and has knowingly and voluntarily consented to, the terms" of the voluntary departure. *Id.* at 620. There is substantial evidence supporting the BIA's determination that Muniz-Larios had been informed of his rights and knowingly and voluntarily accepted voluntary departure. Indeed, Muniz-Larios testified that he was given a choice to depart voluntarily or proceed before an immigration judge, and that he chose to depart voluntarily to avoid further detention. The record also includes the Form I-213, which states that Muniz-

---

[1] Muniz-Larios does not challenge the BIA's denial of asylum based on untimeliness. And he has forfeited any challenge to the BIA's denial of relief under the Convention Against Torture ("CAT") because he merely mentions CAT relief standards with no argument as to why we should grant the petition as to the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Larios had elected voluntary departure after reading the Form I-826 and telling the deportation officer that he understood the Form I-826. The Form I-826 informed Muniz-Larios of his right to choose between having a hearing before an immigration judge or voluntarily returning to his country without a hearing.

Muniz-Larios's arguments challenging the BIA's finding that he knowingly and voluntarily accepted voluntary departure are unavailing. Contrary to Muniz-Larios's assertion, he unambiguously testified that he had been informed of his options. That the Form I-826 is not part of the record is irrelevant because the IJ took judicial notice of the form, and Muniz-Larios makes no argument that it was improper for the IJ to do so. And significantly, he does not contest that the officer had provided him with the form and that he had read it. His argument that there is no signed statement showing that he waived his right to appear before an immigration judge also fails, as he cites no authority to support that a signed waiver is required to show that he knowingly and voluntarily accepted voluntary departure.

In sum, because substantial evidence supports the BIA's determination that Muniz-Larios failed to establish the required ten years of continuous presence, it properly denied cancellation of removal.

2.      The BIA denied withholding of removal because Muniz-Larios had failed to show the required nexus between the alleged harm and his claimed

particular social group of family members. *See* 8 U.S.C. § 1231(b)(3); *Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010). We review the BIA's determination for substantial evidence. *See Zetino*, 622 F.3d at 1012. The evidence shows that Muniz-Larios's uncle had been killed and that other family members had been threatened. But no evidence supports that the killing or threats occurred because of their family membership. Thus, substantial evidence supports the BIA's lack-of-nexus determination, and it properly denied withholding of removal.

      **PETITION DENIED.**